**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **TONY LAMAR LINDSEY,** | § | |
| **(No. 9830625),** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:21-CV-0034-P** |
| | § | |
| **COUNTY OF PARKER et al.,** | § | |
| | § | |
| **Defendants.** | § | |

## ORDER AND NOTICE OF DEFICIENCY
(With special instructions to the Clerk of Court)

On January 11, 2021, Tony Lamar Lindsey, an inmate/plaintiff at the Parker County Jail in Weatherford, Texas, filed a civil complaint (ECF No. 1) and an in-forma-pauperis motion (ECF No. 2) in this the Fort Worth Division of the Northern District of Texas.

The Prison Litigation Reform Act (PLRA) does allow a prisoner to bring a civil action without *prepayment* of fees or security, but a prisoner seeking to proceed under the in-forma-pauperis statute is still required to "pay the full amount of a filing fee." 28 U.S.C.A. § 1915(b)(1)(West 2006).[1] In order to obtain this payment, the Court is first required to assess and collect an initial partial filing fee. *See* 28 U.S.C. §1915(b)(1). The statute also requires prisoners thereafter to pay the balance of the full filing fee through withdrawals from their inmate account. The statute also requires a prisoner to provide to the Court both an in-forma-pauperis application and a certificate of inmate trust account for the six months preceding the date of filing.

---

[1]In addition to the filing fee of $350, the District Court Miscellaneous Fee Schedule, effective May 1, 2013, requires payment of an administrative fee of $50.00 for filing a civil action in district court. *See* 28 U.S.C.§ 1914(a) and District Court Miscellaneous Fee Schedule, note 14. This results in a total  fees of $400 for a civil action. Where a prisoner plaintiff has been granted leave to proceed in forma pauperis, however, only the $350 filing fee will be deducted from the prisoner's account. The $50 administrative fee will not be deducted.

Thus, the court, having reviewed the papers and pleadings in light of the PLRA, finds that the following deficiencies appear:

( **X** )    Although Plaintiff submitted an in-forma-pauperis motion (ECF No. 2), he did not provide a completed certified copy of a certificate of inmate trust account *for the six month period immediately before filing the complaint*. Instead, the attachment he provided was for his transactions for the *one-week period from July 8, 2020, to July 20, 2020*.

**It is therefore ORDERED that the Clerk of the Court shall take the following indicated action:**

( **X** )    A copy of this order shall be mailed to Plaintiff.  No further process shall issue except upon order of the Court.

(**X**)    A certificate of inmate trust account (with cause number thereon) shall be mailed to Plaintiff for completion and return to the clerk of Court within the time period set forth below. The Court has attached a form to be mailed to Plaintiff for his convenience or he may use the form provided by the jail.

It is further **ORDERED** that Plaintiff shall cure each aforementioned deficiency within thirty (30) days of the date of this order. Failure to timely comply with this order could result in the dismissal of  Plaintiff's complaint without further notice pursuant to Federal Rule of Civil Procedure 41(b).[2] Finally, in light of this Order, the Court **DENIES without prejudice** Plaintiff's deficient in-forma-pauperis motion (ECF No. 2).

**SO ORDERED** this **14th day** of **January, 2021.**

_____
Mark T. Pittman
UNITED STATES DISTRICT JUDGE

---

[2] *See Hickerson v. Christian*, 283 F. App'x. 251 (5th Cir. 2008) (A district court may sua sponte dismiss an action under Rule 41(b)); *see also Link v. Wabash R. Co.*, 370 U.S. 626 (1962) (a court may dismiss under its inherent authority).

2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **TONY LAMAR LINDSEY,** | § | |
| **(No. 9830625),** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:21-CV-0034-P** |
| | § | |
| **COUNTY OF PARKER et al.,** | § | |
| | § | |
| **Defendants.** | § | |

**CERTIFICATE OF INMATE TRUST ACCOUNT**

I, the undersigned authorized officer, of the Parker County Jail where Tony Lamar Lindsey, Inmate ID No.  983062, is confined as a prisoner/inmate, do hereby certify that this date, the prisoner had in his account, according to our records, the total sum of $_____.

I further certify that during the six (6) months immediately preceding January 11, 2021, the prisoner had deposits in and made withdrawals from his inmate account as follows: (Note: a computer printout of the inmate's account (In-forma-Pauperis Data) may be attached.)

| MONTH | DEPOSITS | WITHDRAWALS | BALANCE |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

Dated this the _____ day of _____, 2021.

_____
**Authorized Officer of the**

_____
**Institution of Confinement**